UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISRAEL ZAPATA, § | | |
| TDCJ No. 01893184, § | | |
| Petitioner, § | | |
| § | | |
| v. § | SA-16-CA-1244-XR | |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## DISMISSAL ORDER

Before the Court is Petitioner Israel Zapata's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Docket Entry 1). For the reasons set forth below, Zapata's federal habeas corpus petition is dismissed with prejudice as barred by the one-year statute of limitations embodied in § 2244(d). Petitioner is also denied a certificate of appealability.

## Background

In October 2013, Petitioner was found guilty of aggravated robbery and sentenced to twenty years by a Bexar County jury. *State v. Zapata*, No. 2012-CR-770D (227th Dist. Ct., Bexar County, Tex. Oct. 28, 2013). His conviction was affirmed on October 8, 2014. *Zapata v. State*, 449 S.W.3d 220 (Tex. App.—San Antonio, Oct. 8, 2014, no pet.). According to information provided by Petitioner in his state court records (Docket Entry 9-3), Petitioner waited until November 26, 2015, to execute his first state habeas corpus application, which was ultimately denied March 23, 2016. *Ex parte Zapata*, No. 84,730-01 (Tex. Crim. App.). His second state habeas corpus application, filed July 14, 2016, was dismissed as a subsequent writ on September 7, 2016, and his motion for reconsideration was dismissed October 4, 2016. *Ex parte Zapata*, No. 84,730-02 (Tex. Crim. App.).

Petitioner filed the instant federal habeas petition on November 23, 2016. In the § 2254 petition, Zapata contends 1) he is actually innocent of the crime; 2) the State failed to provide exculpatory evidence; 3) his trial and appellate counsel were ineffective; 4) the trial court abused its discretion by not ruling on the defense's request for discovery and inspection of evidence; 5) the State lost jurisdiction over him by violating his federal due process right to a fair trial; and 6) the state habeas court's findings are not entitled to a presumption of correctness because the judge who ruled on his habeas application was not the same judge who presided at trial.

## Timeliness Analysis

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Petitioner's conviction became final November 7, 2014, when his time for filing a petition for discretionary review with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a petition for discretionary review must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation

omitted).  As a result, the limitations period under § 2244(d) for filing his federal habeas petition expired a year later on November 7, 2015.

Section 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  But as discussed previously, Zapata's first state habeas application was not filed until November 26, 2015, over two weeks after the limitations period expired.  Because Zapata's state habeas applications were filed after the expiration of the one-year statute of limitations, the state habeas proceedings had no tolling effect on the limitations period in this case.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Consequently, Zapata's § 2254 petition, filed on November 23, 2016—over a year after the limitations period expired—is untimely and barred by the one-year statute of limitations.

## **"Actual Innocence" and Equitable Tolling**

Petitioner argued in his § 2254 petition that his untimeliness should be excused because the State allegedly suppressed and destroyed evidence establishing his innocence.  In *McQuiggin v. Perkins,* 133 S. Ct. 1924 (2013), the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995).  But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 133 S. Ct. at 1928, 1936

(*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 1928 (emphasis added).

Petitioner did not produce any new evidence establishing his innocence with his petition—instead, he focused solely on evidence that was allegedly suppressed and destroyed by the State prior to his trial. As such, this Court ordered Zapata to specify any new and reliable evidence that would meet the actual-innocence standard set forth in *McQuiggin* and *Schlup*. (Docket Entry 11). Zapata did not do so. Rather, he reiterated his argument that the State "intentionally destroyed" the only viable evidence that could establish his innocence. But this argument, which has been repeatedly rejected by the trial and state habeas courts, does not constitute "newly discovered evidence" that could form the basis for an actual innocence claim. Consequently, the untimeliness of Zapata's federal petition will be not excused under the actual-innocence exception established in *McQuiggin*.

Finally, despite being given the opportunity to establish "any other reason" why his petition should not be dismissed as untimely (Docket Entry 11), Zapata failed to provide this Court with a valid reason to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin*, 133 S. Ct. at 1931; *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling is only

available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Zapata does not assert any extraordinary circumstance prevented him from filing earlier; instead, he contends his unfamiliarity with the English language and legal system prevented him from timely asserting his claims. (Docket Entry 17 at 7). But Zapata's lack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *See U.S. v. Morfin*, 2007 WL 837276, at *3, No. 3-03-CR-434M (N.D. Tex. Mar. 20, 2007) ("Inability to speak or read the English language is a disability common to many incarcerated persons and as such it does not warrant equitable tolling."); *United States v. Polbo-Torres*, 2005 WL 81725, *2, 3:04-cv-1541-P (N.D. Tex. Jan. 13, 2005) (same); *See also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding the inability to read and speak English is not in itself a sufficient basis for equitable tolling); *U.S. v. Cordova*, 202 F.3d 283 (10th Cir. 1999) (unpublished) (same). Moreover, the lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Because Zapata failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

**Conclusion**

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Accordingly, Zapata's § 2254 petition is **DISMISSED WITH PREJUDICE** as time-barred. Further, Zapata failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

It is so **ORDERED**.

SIGNED this 18th day of April, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE